# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| **MARY LOUIES HAGGINS,** | ) | |
| | ) | Case No. 3:09-CV-78-MU |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CAROLINAS MEDICAL CENTER-** | ) | **ORDER** |
| **MERCY, TERRA BARNHILL,** | ) | |
| **VIRGINIA MCILWAINE and** | ) | |
| **GAYLYNN GRAVETTE,** *et al.* | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the court upon Defendants' Terra Barnhill ("Barnhill"), Virginia McIlwaine ("McIlwaine"), Dr. James Boatright ("Boatright"), and Gaylyne Gravette ("Gravette") Motions to Dismiss (Doc. #s 9, 21, & 24) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions are granted.

Plaintiff alleges that the Defendants engaged in discriminatory acts against her during the course of her employment as a housekeeper in Carolinas Medical Center-Mercy's "Environmental Tech." department. The Complaint states claims for race and color discrimination in violation of Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e (2000) *et seq.*) and age discrimination in violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 623(a)(1) ("ADEA").

Plaintiff's EEOC charge only identifies violations of Title VII of the 1964 Civil Rights Act and does not allege age or color discrimination. Furthermore, the EEOC terminated its investigation after finding that it was not able to establish violations of the statutes.

This court will grant Defendants' Motions to Dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of all or part of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This court reviews motions under Rule 12(b)(6) by "tak[ing] the allegations in the complaint as true, and constru[ing] the facts alleged in the complaint in the light most favorable to the plaintiff." *North Carolina v. Howard*, 323 F. Supp. 2d 675, 678 (W.D.N.C. 2003). A Rule 12(b)(6) motion must be granted where "it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Jackson v. Blue Dolphin Commc'n of N.C.*, LLC, 226 F. Supp. 2d 785, 788-89 (W.D.N.C. 2002).

Under Title VII and the ADEA, there is no liability for individual supervisors and other employees because they are not employers within the meaning of those statutes. Under the ADEA, the Fourth Circuit has held that there is no individual liability for employees. *Birbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994). Furthermore, under Title VII, the Fourth Circuit has held "that supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 280 (4th Cir. 1998). An employer, under Title VII, is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current of preceding calendar year…" 42 U.S.C. § 2000(e)(b) (2006). The only employer identified in the EEOC Charge of Discrimination is "Carolinas Medical Center-Mercy Main." Therefore, the individuals in this action, Barnhill, McIlwaine, Boatright, and Gravette are dismissed. Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss are **GRANTED**.

Signed: July 16, 2009

Graham C. Mullen
United States District Judge